### MILLER et al. v. ISAAC H. BLANCHARD CO.

(Supreme Court, Appellate Term. November 6, 1903.)

1. CONTRACTS—SUBSTANTIAL PERFORMANCE—DEFECTS CHARGEABLE TO DEFENDANT.

Where, in an action to recover for cards furnished, it appeared that no more than 1 per cent. of the cards cut had rough edges, and a portion of them were somewhat different in size, and that both of these defects necessarily resulted from the use of the die used in cutting, which was furnished by defendant for the work, plaintiff was not liable for such defects.

2. SAME—COUNTERCLAIM—BREACH OF CONTRACT—INSPECTION—WAIVER.

Where, in an action on a contract for the manufacture and sale of cards, the answer set up a counterclaim for breach of contract in the manufacture of the cards, and not for breach of warranty by reason of certain defects in the cards, such counterclaim was waived by an acceptance of the goods after a reasonable opportunity for inspection.

Appeal from City Court of New York.

Action by Charles E. Miller and others against the Isaac H. Blanchard Company. From a judgment in favor of plaintiffs, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

A. Aplington, for appellant.
Robert Goeller, for respondent.

BISCHOFF, J. From the evidence in behalf of the plaintiffs, it appears that no more than 1 per cent. of the cards cut for the defendant had rough edges, and that this was the necessary result of cutting with the die furnished by the defendant. So far there would be no breach of the contract, in that the sample cutting, of a small number of cards, developed no rough edges, since the result was not appreciable by either party in the sample, and was due to conditions the burden of which was not assumed by the plaintiffs, according to inferences which the jury could reasonably draw from the facts. It also appears by credible evidence that the difference in size of a certain portion of the cards necessarily followed the use of this die, which the defendant furnished for the work. The weight of the evi-

dence is not against the conclusion reached that the plaintiffs had substantially performed the contract, and the counterclaim, founded upon nonperformance, necessarily failed. With this finding of the jury, any error in the charge relating to the counterclaim became immaterial; but, in view of the form of the answer, there appears to have been no error in the instruction that the counterclaim would not survive acceptance of the goods, after reasonable opportunity for inspection. The counterclaim, as alleged, suggested no breach of warranty; and, for a mere breach of contract in the manufacture of goods, the defendant's claim for a loss of profits would depend upon their reasonable rejection of the goods delivered.

Examination of the rulings upon evidence discloses no error, and the judgment is therefore affirmed, with costs. All concur.